IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONNI NIGG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAPHCARE, INC., a Foreign Profit Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | No. 3:25-cv-05567<br><br>NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)<br><br>(from Pierce County Superior Court, Case No. 25-2-08863-0) |

TO:  The Honorable Judges of the U.S. District Court for the Western District of Washington;

AND TO: Connie Nigg, Plaintiff;

AND TO: Ackermann & Tilajeff, P.C., Counsel for Plaintiff.

  PLEASE TAKE NOTICE the defendant NaphCare, Inc. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and removes the above-entitled action to this Court from the Superior Court of the State of Washington for the County of Pierce based on the Class Action Fairness Act of 2005 ("CAFA").

  In support thereof, Defendant asserts the following:

**COMMENCEMENT**

  1. On May 28, 2025, plaintiff Conni Nigg ("Plaintiff") filed a Class Action Complaint for Unpaid and Wrongfully Withheld Wages (the "Complaint") against Defendant in

NOTICE OF REMOVAL - 1
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

the Superior Court of the State of Washington for the County of Pierce. A copy of the Complaint is attached to this Notice as Attachment A ("Att. A"). *See* Declaration of Brian Keeley ("Keeley Decl.") at ¶3 and Ex. A. The Complaint sets forth the following causes of action against Defendant: (1) Failure to Compensate for Missed, Late, and/or Interrupted Meal and Rest Periods; (2) Failure to Pay Overtime Wages Stemming from Missed, Late, and/or Uninterrupted and Unpaid Meal and Rest Periods; and (3) Double Damages for Willful and Intentional Withholding of Wages. *See* Att. A.

2. As stated therein, the Complaint is brought as a putative class action pursuant to Washington Civil Rule 23 on behalf of plaintiff Connie Nigg and a putative class defined as "All hourly-paid employees who worked for Defendant in Washington State at any time from three years prior to the filing of the Complaint through the date of certification of the class by the Court (the Class Period)." *See* Att. A at ¶19.

3. In addition to their Complaint, Plaintiff also filed a Case Cover Sheet on May 28, 2025. *See* Keeley Decl. at ¶4 and Ex. B. That same day, the clerk issued its Order Assigning Case to Judicial Department and Setting Review Hearing Date. *See* Keeley Decl. at ¶5 and Ex. C.

4. Defendant first received Plaintiff's Summons, Complaint, Case Cover Sheet, and Order Assigning Case to Judicial Department and Setting Review Hearing Date when they were served on May 28, 2025. *See* Declaration of Jennifer Miller ("Miller Decl.") at ¶5.

5. As of the date of this Notice of Removal, the pleadings, records, and proceedings on file in the Superior Court are limited to the Class Action Complaint, Case Cover Sheet, the Order Assigning Case to Judicial Department and Setting Review Hearing Date, the Summons to be issued, and the Notice of Appearance for counsel for Defendant, all of which are filed in accordance with Local Rule 101(c). *See* Keeley Decl. at ¶¶3-8 and Exs. A-E.

**TIMELINESS OF REMOVAL**

6. This Notice of Removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint on May 28, 2025. *See* Miller Decl. at ¶5. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b).

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*See* Fed. R. Civ. P. 6; LCR 6; *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.").

## NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and notice of this removal will be filed with the Clerk of the Pierce County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

## VENUE IS PROPER

8. This action was filed in the Superior Court in and for the County of Pierce, in the State of Washington. Thus, venue of this action properly lies in the United States District Court for the Western District of Washington at Tacoma pursuant to 28 U.S.C. 1391, providing that an action may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. *See* Att. A, ¶4 ("Plaintiff worked at Defendant's work location in Tacoma, Washington").

## REMOVAL BASED ON CLASS ACTION FAIRNESS ACT

9. Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq.* Section 4 of CAFA has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]

28 U.S.C. § 1332(d)(2).

10. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

NOTICE OF REMOVAL - 3
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

11. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving, based on the allegations in the Complaint, more than 100 members, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and Plaintiff or any member of the purported class is a citizen of a state different from at least one Defendant. *See* 28 U.S.C. § 1332(d), 28 U.S.C. § 1453.

**A.     The Putative Class Contains More Than 100 Members.**

12. CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

13. Here, the Complaint defines the purported class as: "All hourly-paid employees who worked for Defendant in Washington State at any time from three years prior to the filing of the Complaint through the date of certification of the class by the Court (the Class Period)." Plaintiff defined these employees as "Class Members." *See* Att. A, ¶19.

14. Based on Defendant's employment records, from May 28, 2022 to the present, Defendant employed approximately 702 hourly or non-exempt employees in the State of Washington. *See* Miller Decl. at ¶9.

15. Accordingly, the Class Members far surpass the numerosity requirement for jurisdiction under CAFA.

**B.     Defendant Is Not a Government Entity.**

16. Defendant NaphCare, Inc. is not a State, a State official, or any other governmental entity. *See* Miller Decl. at ¶6.

**C.     Minimal Diversity Is Satisfied Under CAFA.**

17. The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. 1332(a)–(c). CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when "any member of a class of plaintiffs is a

NOTICE OF REMOVAL - 4
(Case No. 3:25-cv-05567)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).

18. Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

19. For individuals, citizenship is determined by a person's domicile. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (holding that allegation by party in state court complaint of residency "created a presumption of continuing residence in Wyoming and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Furthermore, a person's intention to remain may be established by his or her place of employment. *See Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009).

20. Based on Plaintiff's allegations in the Complaint, Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of Washington. *See* Att. A, ¶4. Accordingly, Plaintiff is a citizen of the State of Washington for purposes of removal under CAFA.

21. For purposes of removal under CAFA, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

22. With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93–94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction,

NOTICE OF REMOVAL - 5
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  control, and coordination of the company and will no longer weight corporate functions, assets,
2  or revenues in each state. *Id.* at 95–96.

3      23.    Defendant was, at the time Plaintiff filed the Complaint, and presently is a
4  corporation organized under the laws of the State of Alabama. *See* Miller Decl. at ¶7. At all
5  relevant times, Defendant's company headquarters, and thus its principal place of business, has
6  been in Birmingham, Alabama. *See* Miller Decl. at ¶7; Att. A, ¶5 ("Defendant is a Foreign Profit
7  corporation with its headquarters in Birmingham, Alabama."). Defendant's executive and
8  administrative operations are centrally managed from its headquarters in Birmingham, Alabama,
9  where NaphCare, Inc.'s Board of Directors and executive officers maintain their offices. From its
10 headquarters in Birmingham, Alabama, Defendant also makes and implements company-wide
11 operating, distribution, financial, employee relations, marketing, development, customer care,
12 accounting, income tax, treasury, and legal policy decisions. *Id*. Further, Defendant's Board of
13 Directors meet in Birmingham, Alabama, Defendant's financial records are maintained there,
14 and its tax returns are filed from there. *Id*. Accordingly, for purposes of removal under CAFA,
15 Defendant is a citizen of the State of Alabama and is not a citizen of the State of Washington.

16     24.    Given the above, minimal diversity exists under CAFA because at least one
17 member of the putative class (Plaintiff) was, at the time this action was commenced—and is still
18 believed to be—a citizen of the State of Washington, while Defendant was—and still is—a
19 citizen of Birmingham, Alabama.

20     **D.**    **The Amount in Controversy Exceeds $5,000,000 Based on a Plausible Reading of the Allegations of the Complaint.[1]**

21

22     25.    Under CAFA, the claims of the individual members in a class action are
23 aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.
24 *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under

---

[1] Defendant denies each and every allegation set forth by Plaintiff in the Complaint and denies that Plaintiff or putative class members are entitled to any damages (whether statutory, actual, or otherwise), injunctive relief, declaratory relief, attorneys' fees, or any other relief. Defendant also denies that this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

NOTICE OF REMOVAL - 6
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of

2  the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

3  damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.

4  Moreover, any doubts regarding the maintenance of class actions in state or federal court should

5  be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42–43 ("[I]f a federal court is

6  uncertain about whether 'all matters in controversy' in a purported class action 'do not in the

7  aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising

8  jurisdiction over the case…. Overall, new section 1332(d) is intended to expand substantially

9  federal court jurisdiction over class actions. Its provisions should be read broadly ….").

10        26.  In determining whether the amount in controversy exceeds $5,000,000, the Court

11  must presume Plaintiffs will prevail on each and every one of their claims. *Chavez v. JPMorgan

12  Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy …

13  encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Angus

14  v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (holding that "the amount in controversy is not

15  measured by the low end of an open-ended claim")). Moreover, the argument and facts set forth

16  in the Complaint may appropriately be considered in determining whether the jurisdictional

17  amount in controversy requirement is satisfied. *See Fuller v. Bloom Inst. of Tech.*, 2023 U.S.

18  Dist. LEXIS 203185, at *11 (N.D. Cal. Nov. 13, 2023) ("[T]he defendant's showing on the

19  amount in controversy may rely on reasonable assumptions.… An assumption may be reasonable

20  if it is founded on the allegations of the complaint." (internal quotations omitted) (quoting *Arias

21  v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019)).

22        27.  Notably, "[t]here is no obligation by defendant to support removal with

23  production of extensive business records to prove or disprove liability and/or damages with

24  respect to plaintiff or the putative class members at this premature (pre-certification) stage of the

25  litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal.

26  Apr. 30, 2007) (citing *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). Rather, a

27  defendant seeking removal must prove by a preponderance of the evidence that the aggregate

28

NOTICE OF REMOVAL - 7
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) (holding that "the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

28. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States Supreme Court held that where, as here, the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold[.]" 135 S. Ct. 547, 554 (2014) (emphasis added). Further, "[n]o 'antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Del., Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5–6 (N.D. Cal. Jan. 29, 2015) (*quoting Dart*, 135 S. Ct. at 554).

29. Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12–13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141,

NOTICE OF REMOVAL - 8
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

30. The gravamen of Plaintiff's Complaint is that from May 28, 2022 to the present (the "Class Period"), Defendant (A) regularly failed to provide Plaintiff and Class Members in Washington with statutory meal and rest periods to which they were entitled without compensation as required by Washington law; and (B) failed to pay hourly and non-exempt employees in Washington all overtime pay to which they were entitled under Washington law because they "often worked more than forty hours per week, inclusive of hours worked when working through their breaks and/or for the rest and meal periods not provided." Plaintiff alleges that throughout her employment with Defendant, she typically worked three days per week, 12 *or more* hours per shift. *See* Att. A, ¶¶4, 14-18. Plaintiff claims she and other class members like her were due two meal periods and three rest periods per shift, and were regularly denied these breaks due to purported understaffing. Plaintiff alleges she is entitled to resulting unpaid wages, overtime and double damages for the missed breaks. *Id*.

31. In sum, Plaintiff asserts that Defendant "did not and does not provide Plaintiff and the Class Members with statutory 10-minute rest periods for every four hours of work, 30-minute meal period between the second and fifth hours of their shifts, or second meal periods for 10.5 hour shifts." (*See* Att. A, ¶14). Plaintiff concludes as follows: "Defendants did not permit Plaintiff and Class Members to take statutory meal periods and rest periods." (*See* Att. A, ¶16). A defendant is not required to identify an exact frequency of violations for the purposes of calculating the amount in controversy. For that reason, defendants may ground violation rate assumptions in the language of a plaintiff's complaint. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (finding defendant's violation rate assumptions "plausible" and noting they "may prove reasonable *in light of the allegations in the complaint*". *Salatino v. Am. Airlines, Inc.*, 719 F. Supp. 3d 1094, 1101–02 (S.D. Cal. 2024).

32. It is reasonable to read Plaintiff's allegations as asserting that Plaintiff and Class Members were denied *all* breaks to which they were entitled, without compensation. *Id*.

NOTICE OF REMOVAL - 9
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

33. As provided in the supporting declaration submitted herewith, from May 28, 2022 to the present:

    a. Defendant employed approximately 702 hourly or non-exempt employees in Washington State in various healthcare related positions ("the Putative Class Members");

    b. The Putative Class Members' shifts range from full-time (36-40 hours per week), part-time (up to 40 hours per week) and PRN (as needed).

    c. There are 235 full-time Putative Class Members;

    d. The full-time Putative Class Members, like Plaintiff, worked an average of 36 hours per week, or 12 hours per day;

    e. Defendant also employed full-time Putative Class Members who worked five 8-hour days and four 10-hour days;

    f. Full-time Putative Class Members like plaintiff earned an average rate of $43.25 per hour.

*See* Miller Decl. at ¶9.

34. Plaintiff alleges she regularly worked "12 or more hours per shift" (s*ee* Att. A, ¶4), and as such we can conservatively estimate Plaintiff and similar full-time Putative Class Members worked 36 hours per week. It is assumed, and Plaintiff affirmatively alleges, that each similarly situated full-time employee would be entitled to two meal breaks and three rest breaks per day. *See* Att. A, ¶4. Defendant also employed full-time Putative Class Members who worked five 8-hour days and four 10-hour days. For those employees, the average weekly hours exceeded 40 hours per week when allegedly unpaid meal and rest periods are added, and as such damages for unpaid hours worked are arguably based on overtime rates. As part of her claims, Plaintiff is also seeking a doubling of the alleged wage-based damages under Chapter 49.52. (*See* Att. A, ¶3)

35. Plaintiff also seeks an unspecified amount of attorneys' fees in the Complaint, which the Court should consider and include in the amount in controversy. *See* Att. A, Prayer for Relief (D); *see also, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

NOTICE OF REMOVAL - 10
(Case No. 3:25-cv-05567)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  Attorneys' fee awards in Washington wage-hour class actions can easily total several hundreds of thousands of dollars or more. Moreover, the Ninth Circuit has held "that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018). "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414–15; *see also Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) ("[U]naccrued post-removal attorneys' fees can be factored into the amount in controversy.").

36.   "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Herrera v. Carmax Auto Superstores Cal.*, LLC, No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("[I]t is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

37.   The Court should therefore also consider attorneys' fees of at least 25 percent of the aggregate amount in controversy calculated below. *See, e.g., Oda v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *11–13 (C.D. Cal. 2015) (finding the defendant's assumptions

NOTICE OF REMOVAL - 11
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  regarding attorneys' fees to be "reasonable" on removal where the defendant assumed plaintiffs would recover a 25 percent attorney's fee).

38. Based on the foregoing, and assuming Defendant's non-exempt employees in the State of Washington were wholly denied their meal periods and rest breaks as Plaintiff alleges and were thus underpaid overtime hours during the Class Period, the amount in controversy well exceeds $5,000,000 as calculated below.

39. Using just a *sample* of the 235 full-time Putative Class Members over the course of the Class Period (out of 702 total Putative Class Members), Defendant calculates the claimed damages as follows:

    a. In a representative or typical workweek, 34 employees worked five 8-hour shifts and 20 employees worked four 10-hour shifts and would have been entitled to one 30-minute meal period and two 10-minute rest periods per shift; under the allegations in Plaintiff's complaint, compensation for breaks not received has been calculated at overtime rates;

    b. In a representative or typical workweek, 91 employees worked three 12-hour shifts and would have been entitled to two 30-minute meal periods and three 10-minute rest periods per shift; Plaintiff alleges she and other similarly situated employees worked more 40 hours per week, but for purposes of this notice, compensation for allegedly denied breaks for this category of shifts has been calculated at non-overtime rates;

    c. In a representative or typical workweek, the regular rate for these employees was at least an average of $43.25 per hour;

    d. Such a representative or typical year for these employees would include approximately 150 shifts for 12-hour employees, 200 shifts for 10-hour employees and 250 shifts for 8-hour employees;

    e. Over the three-year period alleged in the Complaint, the total pay for allegedly missed or unpaid meal and rest periods, separated by shift length using the 145-person sample population only, accounting for only 50 weeks out each year, and assuming a 100% violation rate is:

NOTICE OF REMOVAL - 12
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

| | |
|---|---:|
| **Employees working 12-hour shifts** | |
| Employees | 91 |
| **Meal Breaks / shift** | **2** |
| Meal Break duration | 0.5 |
| Shifts / year (3x50) | 150 |
| Years of Class Period | 3 |
| Total Meals (hours): | 40,950 |
| Pay rate | $43.25 |
| Total Meals (pay): | $1,771,087.50 |
| | |
| Employees | 91 |
| **Rest Breaks / shift** | **3** |
| Rest Break duration | 0.166666667 |
| Shifts / year (3x50) | 150 |
| Years of Class Period | 3 |
| Total Rest Breaks (hours): | 20,475 |
| Pay rate | $43.25 |
| Total Rest Breaks (pay): | $885,543.75 |
| | |
| Total (no overtime) | **$2,656,631.25** |

NOTICE OF REMOVAL - 13
(Case No. 3:25-cv-05567)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

| | |
|---|---:|
| **Employees working 10-hour shifts** | |
| Employees | 20 |
| **Meal Breaks / shift** | **1** |
| Meal Break duration | 0.5 |
| Shifts / year 45x50) | 200 |
| Years of Class | 3 |
| Total Meals (hours): | 6,000 |
| Pay rate | $43.25 |
| Total Meals (pay): | $259,500.00 |
| Employees | 20 |
| **Rest Breaks / shift** | **2** |
| Rest Break duration | 0.166666667 |
| Shifts / year (4x50) | 200 |
| Years of Class | 3 |
| Total Rest Breaks | 4,000 |
| Pay rate | $43.25 |
| Total Rest Breaks | $173,000.00 |
| Subtotal | $432,500.00 |
| X 1.5 (Overtime) | **$648,750.00** |

NOTICE OF REMOVAL - 14
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

| **Employees working 8-hour shifts** | |
|---|---:|
| Employees | 34 |
| **Meal Breaks / shift** | **1** |
| Meal Break duration | 0.5 |
| Shifts / year (5x50) | 250 |
| Years of Class Period | 3 |
| Total Meals (hours): | 12,750 |
| Pay rate | $43.25 |
| Total Meals (pay): | $551,437.50 |
| Employees | 34 |
| **Rest Breaks / shift** | **2** |
| Rest Break duration | 0.166666667 |
| Shifts / year (5x50) | 250 |
| Years of Class Period | 3 |
| Total Rest Breaks (hours): | 8,500 |
| Pay rate | $43.25 |
| Total Rest Breaks (pay): | $367,625.00 |
| Subtotal | $919,062.50 |
| X 1.5 (Overtime) | **$1,378,593.75** |

40. The subtotal of the alleged unpaid meal and rest periods, plus unpaid overtime equals $4,683,975.00. Doubling those alleged damages yields $9,367,950.00, and adding attorney's fees of 25 percent would total $11,709,934.50.

41. These figures also do not account for an estimate of the alleged damages attributed to the remaining 557 part-time and PRN Putative Class Members, which would substantially increase the alleged damages further beyond the jurisdictional threshold for CAFA. Moreover, even if Defendant assumed only one meal period violation per shift across each shift type, and one fewer rest break violation per shift across each shift type, the alleged damages total $7,744.453, *before* adding 25 percent attorney's fees. Going one step further, and reducing the alleged violation rate to only 70% of the shifts across all three shift types, the total before attorney's for just the small sample class is $4,336,893.75, which rises to $5,421,117.19 after adding 25 percent attorney's fees.

42. In *Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014), in support of the amount in controversy under CAFA in a class action for alleged misclassification of exempt

NOTICE OF REMOVAL - 15
(Case No. 3:25-cv-05567)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  employees, Michaels submitted a declaration from its Vice President of Field Human Resources
2  showing that Michaels' managers were expected to work at least 45 hours a week normally, and
3  50 hours a week during the holiday season. Michaels also submitted a letter sent by the plaintiffs
4  in connection with settlement negotiations where the plaintiffs valued their claim at over
5  $5,000,000. The named plaintiffs all testified that they worked at least 45 hours each week. No
6  evidence to the contrary was submitted. *Id*. At 1239. The Court held this evidence sufficient to
7  establish the amount in controversy. Here, Defendant has submitted more evidence than the
8  Defendant in *Rea,* with its Declaration of Chief Human Resources officer Jennifer Miller, who
9  attests to her review of employee records, shift information and average hourly pay, applied to
10 Plaintiff's allegations to arrive at the amount in controversy, which exceeds the statutory
11 minimum. The ultimate inquiry is what amount is put "in controversy" by the plaintiff's
12 complaint, not what a defendant will *actually* owe. *Rippee v. Boston Market Corp.,* 408
13 F.Supp.2d 982, 986 (S.D.Cal.2005); *see also Scherer v. Equitable Life Assurance Society of the*
14 *United States,* 347 F.3d 394, 399 (2d Cir.2003) (recognizing that the ultimate or provable amount
15 of damages is not what is considered when determining the amount in controversy; rather, it is
16 the amount put in controversy by the plaintiff's complaint).

17      43.     Here, Plaintiff alleges that she and all Class Members – here, 702 individuals --
18 were regularly denied meal and rest periods and resulting overtime pay. In calculating the
19 alleged amount in controversy, Defendant used a sample of just 145 Putative Class Members out
20 of a total of 702, and this figure exceeds the jurisdictional minimum by more than double. There
21 can be no doubt if Defendant were to undertake review of the records of all 702 individuals, the
22 amount in controversy would far exceed the minimum required to remove under CAFA. But this
23 is not required at this stage. The burden to establish the statutory minimum is not "daunting," as
24 courts recognize that under this standard, a removing defendant is not obligated to "research,
25 state, and prove the plaintiff's claims for damages." *McCraw v. Lyon*s, 863 F.Supp. 430, 434
26 (W.D.Ky.1994).

NOTICE OF REMOVAL - 16
(Case No. 3:25-cv-05567)

44.     Further, the strength of Defendant's defenses is irrelevant to determining the amount in controversy. "The amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (quoting *Gonzales v. CarMax Auto Superstores, Ltd. Liab. Co.*, 840 F.3d 644, 648 (9th Cir. 2016)). "We have held that the 'strength of any defenses indicates the *likelihood* of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation.'" *Id.* (quoting *Arias v. Residence Inn*, 936 F.3d 920, 928 (9th Cir. 2019)). "In other words, 'just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010)).

45.     Therefore, for the reasons discussed above, and without conceding or admitting to the underlying merit of Plaintiff's claims, or whether Plaintiff's claims are amenable to class treatment, the aggregate amount in controversy in connection with Plaintiff's putative class claims far surpasses the $5,000,000 jurisdictional threshold required under CAFA based on the causes of action alleging failure to provide meal periods, rest breaks, and underpaid overtime and attendant alleged damages.

## CONCLUSION

Based on the foregoing, Defendant hereby respectfully removes the above-captioned action from the Pierce County Superior Court to this Court based on CAFA requirements (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this Court retain jurisdiction for all further proceedings.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL - 17
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

DATED this 27th day of June, 2025.

                          JACKSON LEWIS P.C.

                    By:    *s/ Brian K. Keeley*
                              Brian K. Keeley, WSBA #32121
                              520 Pike Street, Suite 2300
                              Seattle, WA 98101
                              Telephone (206) 802-3802
                              Brian.Keeley@jacksonlewis.com

                              Counsel for Defendant

NOTICE OF REMOVAL - 18
(Case No. 3:25-cv-05567)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

Craig Ackermann, WSBA #53330
Brian Denlinger, WSBA #53177
Avi Kreitenberg, WSBA #53294
Ackermann & Tilajef, P.C.
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
Telephone (310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com
ak@ackermanntilajef.com

Counsel for Plaintiff

☒ via CM/ECF System
☒ via Electronic Mail
☐ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: _____

DATED this 27th day of June, 2025.

_____
Lindsay Holzworth

NOTICE OF REMOVAL - 19
(Case No. 3:25-cv-05567)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404